# A. IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR VALENTINE, | No. 4:19-CV-00914 |
| Petitioner, | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OPINION

JULY 2, 2019

## I. BACKGROUND

In 2012, Hector Valentine pled guilty to conspiracy to distribute cocaine base, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.[1] The sentencing court determined that Valentine qualified as a career offender and sentenced him to 210 months' imprisonment; the United States Court of Appeals for the Second Circuit dismissed Valentine's appeal as barred by an appellate waiver contained in the plea agree.[2] Valentine's subsequent 28 U.S.C. § 2255 motion was denied.[3]

---

[1] Doc. 1 at 12.

[2] *Id.*; *United States v. Valentine*, No. 12-3338 (2d Cir., Doc. 80).

[3] Doc 1 at 12-13.

Valentine has now filed a 28 U.S.C. § 2241 petition with this Court in which he argues that he is entitled to a sentence reduction pursuant to Amendment 782 to the U.S. Sentencing Guidelines Manual.[4]  Specifically, Valentine asserts that, although he was previously denied a sentencing reduction because he was sentenced as a career offender—and therefore Amendment 782 offered him no relief—he no longer qualifies as a career offender in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018).[5]  Valentine also asserts that he is actually innocent of his crime of conviction because there was insufficient evidence of intent to distribute the cocaine base.[6]

## II. DISCUSSION

Although federal law generally requires that, when evaluating a § 2241 petition, district courts "issue an order directing the respondent to show cause why the writ should not be granted," courts need not do so if "it appears from the application that the applicant or person detained is not entitled thereto."[7]  Thus, "a district court is authorized to dismiss a [§ 2241] petition summarily when it plainly

---

[4]  Doc. 1 at 1-2.
[5]  *Id.* at 5.
[6]  *Id.* at 5-6.
[7]  28 U.S.C. § 2243.

2

appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[8]

Valentine challenges the validity of his criminal conviction and sentence, not its execution.[9] Although Valentine brings this challenge in a § 2241 petition, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."[10] Thus, "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"[11]

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful

---

[8] *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks omitted).

[9] "In order to challenge the execution of his sentence under § 2241, [Valentine] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). Valentine's challenge to his career offender designation and allegation that a subsequent amendment to the Sentencing Guidelines entitles him to a sentence reduction clearly does not meet this threshold. *See*, *e.g.*, *Barnett v. United States*, 445 F. App'x 491, 492-93 (3d Cir. 2011) (holding that challenge to career offender classification and assertion "that Amendment . . . to the Sentencing Guidelines warrants a reduction in his sentence" not cognizable in § 2241 petition); *Fillingham v. United States*, 867 F.3d 531, 539 (5th Cir. 2017) (same).

[10] *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

[11] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

3

detention claim."[12] "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[13]

Accordingly,

> [The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.[14]

The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges his federal conviction under § 2241 when the underlying claim does not fit within the Savings Clause, the petition must be dismissed.[15]

When evaluated under this standard, Valentine's claim does not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241

---

[12] *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

[13] *Id.*

[14] *Bruce*, 868 F.3d at 180 (citations and internal quotation marks omitted).

[15] *See id.* at 183 (noting the jurisdictional nature of the Savings Clause inquiry).

4

petition. First, although Valentine claims actual innocence, he does not assert that his conduct has "been rendered non-criminal by an intervening Supreme Court decision."[16] To the contrary, any actual-innocence-argument based on insufficiency of the evidence would have been available to Valentine during his direct appeal. Second, as this Court noted in dismissing Valentine's previous § 2241 petition, his assertion related to a sentencing enhancement or subsequent amendment to the Sentencing Guidelines does not fit within the narrow exception afforded by the Savings Clause.[17] Finally, not only did Valentine have an "earlier opportunity to challenge his conviction,"[18] but he raised a substantially identical claim in his § 2255 motion and argued that he is not a career offender because one of his predicate offenses no longer qualifies as a controlled substance offense.[19] Consequently, Valentine may not pursue his claim in a § 2241 petition.

### III. CONCLUSION

Valentine's claim does not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition. Valentine's § 2241 petition must therefore be dismissed.

---

[16] *Id.* at 180.

[17] *Valentine v. Spaulding*, No. 4:17-CV-1770, 2017 WL 6336615, at *2 (M.D. Pa. Dec. 12, 2017).

[18] *Bruce*, 868 F.3d at 180.

[19] Doc. 1 at 13.

5

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge